*F. Watts, contra.*

——⁕——

# ‖ LUSK *against* DAVIDSON.

It is essential, in order to the continuance of the lien of a judgment upon land, which has been sold and conveyed, that the terre-tenant be made a party to the *scire facias.*

ERROR to the Common Pleas of *Cumberland* county.

In this case *Alexander Davidson* was plaintiff below, and *Thomas Lusk* with notice to *A. Carothers,* Esquire, was defendant. The following were the facts of the case: on the 5th April, 1823, and to January term, *Davidson* obtained a judgment against *Lusk,* which was a lien upon a tract of land. On the 3d of March, 1824, *Lusk* conveyed the land to *A. Carothers,* Esquire, who procured the deed to be recorded 11th of March, 1824: the land, from this period, was occupied by the tenant of *A. Carothers,* Esquire. Upon the 15th of March, 1828, within the five years, the original judgment of *Davidson* against *Lusk* was revived by amicable *scire facias,* and confession of judgment by *Lusk.* In this case the question was, whether, after the lapse of five years, the judgment would remain a lien upon the land, in the possession of the purchaser. The court below was of opinion that it would.

*Carothers* for the plaintiff in error.

*S. Alexander, contra.*

PER CURIAM.—By the third section of the act of 1798, it is ordered, that the *scire facias shall* be served on the terre-tenant, and on the defendant in the judgment, *where he can be found.* In the view of the legislature, then, the terre-tenant was the principal party, and the defendant, though ostensibly otherwise, but a party secondarily if at all concerned; and it is more reasonable to say that

(Lusk v. Davidson.)

the provision for service of the defendant is but directory, and that the provision for service of the terre-tenant is peremptory. Every law that establishes a particular procedure, is, strictly speaking, directory; but it does not follow, that a part of the procedure, which is designed to protect one of the parties from collusion by the other, may be dispensed with. Every dictate of justice suggests, that the terre-tenant ought not to be bound by a judgment, whose operation is on the land exclusively, without having had a day in court; and we should strain a principle of construction already carried sufficiently far, were we to take for granted, that the legislature did not mean the provision for his protection to be enforced at all events. It is plain, therefore, that notwithstanding the judgment of revival confessed by the defendant, the lien is gone.

Judgment reversed, and judgment rendered for the terre-tenant.